IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHARLES LOVETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 111-101 |
| | ) |
| DENNIS BROWN, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-captioned case pursuant to 28 U.S.C. § 2254.[2] The petition is now before the court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[3] For the reasons set forth below, the Court **FINDS** that the petition is

---

[1] Petitioner named David Frazier as the Respondent in this action. However, Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts requires that the state officer who has custody of the petitioner should be named as the respondent when the petitioner is in custody under a state-court judgment at the time of filing the petition. According to the Georgia Department of Corrections website, the current Warden at Augusta State Medical Prison is Dennis Brown. Therefore, Dennis Brown is substituted as the Respondent in this case. The **CLERK** is **DIRECTED** to modify the docket accordingly.

[2] Petitioner originally brought this case in the Middle District of Georgia. The petition was subsequently transferred to this Court. (Doc. no. 6.)

[3] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT** (doc. no. 2), that this petition filed pursuant to § 2254 be **DISMISSED**, and that this civil action be **CLOSED**.

I. BACKGROUND

On September 7, 1990, Petitioner pled guilty to malice murder in the Richmond County Superior Court. (Doc. no. 1, p. 1.) Petitioner received a life sentence. (Id.) Petitioner does not report that he appealed his conviction. (Id. at 2.) Petitioner then filed a state habeas corpus petition in the Superior Court of Tattnall County on October 28, 1998. (Id. at 3.) In his state habeas petition, Petitioner raised claims of ineffective assistance of counsel, an improper denial of psychiatric evaluation, and that his guilty plea was entered involuntarily. (Id.) Following an evidentiary hearing, the state habeas court denied these claims on February 5, 1999. (Id.) Petitioner then unsuccessfully attempted to appeal the denial of his state habeas petition in the Georgia Supreme Court. (Id. at 4.) Petitioner next filed a second state habeas petition in the Superior Court of Hancock County on September 2, 2009. (Id. at 3.) In that petition, Petitioner raised claims similar to those in his first state habeas petition, and additionally claimed that the trial court and prosecutor committed numerous errors. (Id.) Following an evidentiary hearing, these claims were denied on December 6, 2010. (Id. at 4.) Petitioner also unsuccessfully attempted to appeal the denial of this petition. (Id.)

On June 30, 2011, Petitioner filed the instant federal petition in the Middle District of Georgia. Petitioner raises two grounds for relief: he argues first that he was denied due process when both state habeas courts failed to construe his petitions pursuant to Haines v.

Kerner, 404 U.S. 519 (1972), and second that he was denied due process when the Georgia Supreme Court dismissed Petitioner's certificate of probable cause as untimely. (Id. at 5-6.)

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the instant case is governed by § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not appeal the judgment of the Richmond County Superior Court, his conviction became "final" when the 30-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of.").

### B. Application of the Statute of Limitations

Of key interest here, in the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (*per curiam*). Prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA.

Petitioner did not bring the instant federal petition until June of 2011, more than fourteen years too late. Of course, a prisoner may delay the start of his AEDPA clock by showing that §§ 2244(d)(1)(B), (C), or (D) apply. However, as the Court has already noted,

4

Petitioner has provided no basis for supposing that these provisions apply. Thus, the Wilcox bright-line rule applies. That said, a prisoner may also stop the running of his AEDPA clock while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003).

The Court is aware that Petitioner twice sought habeas corpus relief in state court. (Doc. no. 1.) However, by the time Petitioner first sought habeas relief in state court in 1998, the period of limitations had already expired. Of course, the Court recognizes that according to the above-quoted provision of § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for post-conviction or collateral review is pending in state court. Nevertheless, "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). In sum, § 2244(d)(2) is of no benefit to Petitioner. Therefore, absent some tolling mechanism, the above-captioned petition is time-barred by the AEDPA's one-year statute of limitations.

### C. Equitable Tolling and Claims of Actual Innocence

Similarly, Petitioner is not entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir.

2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19). Here, Petitioner fails to make any argument, let alone one that rises to the level of extraordinary circumstances, that would justify equitable tolling.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not attempted to meet the high standard required to qualify for application of the actual innocence exception, and nothing in the instant petition suggests the existence of new evidence not presented at trial. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, because (1) the above-captioned petition was filed after April 23, 1997, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT** (doc. no. 2), that this petition filed pursuant to § 2254 be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of July, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE